UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:93-CR-62 |
| | § | |
| CHESTER LEWIS BRAZIER | § | |

REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed February 28, 2007, alleging that defendant violated conditions of supervised release.  This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

I. The Original Conviction and Sentence

Defendant was sentenced on August 18, 1993, before Honorable Howell Cobb, U.S. District Judge of the Eastern  District of Texas, after pleading guilty to the offense of possession with intent to distribute cocaine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years.  The guideline

imprisonment range, based on a total offense level of VI and a criminal history category of 20, was 70 to 87 months. Defendant was subsequently sentenced to 87 months imprisonment followed by 6 years supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare; ineligible for federal benefits for five years; and a $50 special assessment.

## II. The Period of Supervision

On March 27, 2006, Chester Lewis Brazier completed his period of Federal imprisonment and began service of the supervision term. The case reassigned on February 28, 2007, to Honorable Ron Clark, U.S. District Judge.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on February 28, 2007. The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall not commit another federal, state, or local crime. |
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests |

|  |  |
|---|---|
|  | thereafter, as directed by the probation officer. |
| Standard Condition: | The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons. |
| Special Condition: | Defendant shall participate in a program approved by the U.S. Probation Office for substance abuse, which may include testing to determine whether the defendant has reverted to the use of illegal drugs and/or alcohol. |
| Special Condition: | Defendant shall reside and participate in the community corrections component of a Residential Reentry Center, as instructed, until discharged by the center director, but no longer than 120 days from admission. The defendant shall abide by all rules and regulations of the center, and shall pay subsistence, according to the U.S. Bureau of Prisons' guidelines. |

As grounds, the petition alleges that on or about November 21, 2006, defendant was arrested for possession of a controlled substance, that on January 3, 2007, defendant submitted a urine specimen that tested positive for marijuana, that defendant has failed to maintain full time employment, that defendant failed to submit a urine specimen as directed on September 5, 2006, failed to attend a substance abuse counseling session on September 13, 2006, and was unsuccessfully discharged from Bannun Place, a Residential Reentry Center.

### IV.  Proceedings

On March 7, 2007, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition.  Defendant would agree to plead "true" to the allegation that he violated a special condition of supervised release by failing to reside and participate in the community corrections component of a residential reentry center.  In exchange for defendant's plea of "true," the court should revoke defendant's supervised release and impose a total term of sixteen (16) months imprisonment, with no further term of supervised release thereafter.  Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a special condition of supervised release by failing to reside and participate in the community corrections component of a residential reentry center.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may

revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision. The original offense of conviction was a Class B felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is three years.

      According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a special condition of supervised release by failing to reside and participate in the community corrections component of a residential reentry center, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

      According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of

community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. Defendant has 92 days of unserved community confinement

    18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

    The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to the allegation that he violated a special condition of supervised release by failing to reside and participate in the community corrections component of a residential reentry center.  Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition.  Defendant's violations are Grade C violations with policy guidelines suggesting 8 to 14 months imprisonment upon revocation.  Defendant also has 92 days of unserved community confinement time.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to refrain from unlawful use of a controlled substance.  As such, incarceration appropriately addresses defendant's violation.

### RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release, by failing to refrain from unlawful use of a controlled substance, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

    3.    Defendant should be sentenced to a term of imprisonment of thirteen (13) months plus 92 days as unserved community confinement, for a total term of imprisonment of sixteen (16) months, with no further term of supervised release thereafter.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this __16__ day of March, 2007.

*Earl S. Hines* (signature)
Earl S. Hines
United States Magistrate Judge